**HUI FANG LIU, Petitioner–Appellant,**

v.

**Alberto R. GONZALES,[1] Respondent–Appellee.**

**No. 04–3348–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2005.

Thomas V. Massucci, New York, NY, for Appellant.

Patrick J. Fitzgerald, U.S. Attorney for the Northern District of Illinois; Celia Meza Utreras, Assistant U.S. Attorney Chicago, Illinois, for Appellee.

PRESENT: JOSÉ A. CABRANES, RAGGI and WESLEY, Circuit Judges.

### SUMMARY ORDER

Hui Fang Liu, through counsel, petitions for review of the BIA decision denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where the BIA issues its own independent decision that does not adopt the IJ's decision, this Court will review the decision of the BIA alone. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review factual findings under the substantial evidence standard, overturning them only if a reasonable fact finder would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

*Zhang v. INS,* ·386 F.3d 66, 73 (2d Cir. 2004). We review *de novo* the legal question of the sufficiency of the evidence to support a claim for asylum. *See Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005).

To the extent petitioner raises a sufficiency challenge, we find no legal error in the BIA's ruling. Contrary to the IJ, the BIA assumed that petitioner testified credibly that (1) her property was destroyed, (2) she was required to attend a ten-day re-education class where she was interrogated and threatened and (3) she was required to pay fines for selling Falun Gong books. These facts independently and in the aggregate do not rise to the level of persecution. *See · Guan Shan Liao v. United States Dep't of Justice,* 293 F.3d 61, 69–70 (2d Cir.2002); *see also In re Acosta,* 19 I. & N. Dec. 211, 222 (BIA 1985). Additionally, although Liu has shown that law enforcement officials inquired as to her whereabouts at her family's home, a single inquiry where no harm or threat of harm has occurred does not establish a well-founded fear of future persecution. See id.

Therefore, Liu's petition for review is hereby denied, as are her request for oral argument and motion to stay removal.